IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

JIMMIE L. STRINGER,

Defendant.                                             No.04-30041-DRH

### ORDER

**HERNDON, Chief Judge:**

Jimmie L. Stringer is serving a 188 month sentence which was imposed by this Court on January 28, 2005 (See Doc. 30). On August 27, 2008, Stringer filed a motion for retroactive application of sentencing guidelines to crack cocaine offense pursuant to **18 U.S.C. § 3582** (Doc. 41). The Court appointed counsel to represent Stringer, and counsel has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to **18 U.S.C. § 3582 (c)** (Doc. 44). ***See Anders v. California*, 386 U.S. 738, 744 (1967)**. Stringer was given up to and including November 23, 2009 in which to file a response to counsel's motion (Doc. 45). As of this date, Stringer has failed to file a response.

**Section 3582 (c)(2)** allows the Court to reduce a defendant's previously imposed sentence where "a defendant…has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to **28 U.S.C. § 944(o)**." In doing so, the Court must consider the factors set forth in **18 U.S.C. § 3553(a)** and must ensure that any

reduction "is consistent with applicable policy statements issued by the Sentencing Commission." **18 U.S.C. § 3582(c)(2)**. Thus, a defendant urging a sentence reduction under **§ 3582(c)(2)** must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. ***United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);** *see **United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009),** *cert. denied sub nom **McKnight v. United States*, 129 S. Ct. 1924 (2009).**

Stringer is not entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o)." **18 U.S.C. § 3582(c)(2)**. Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentenced involving powder cocaine. Stringer, however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1("Career Offender"), not his base offense level set forth in U.S.S.G. § 2D1.1. ***See Forman*, 553 F.3d at 589-90.**

Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

The Court has confirmed the representations in counsel's motion to withdraw and agrees that Stringer is not entitled to a reduction in sentence for the reasons just mentioned. The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 44), and **DISMISSES** the motion for a sentence reduction (Doc. 41) for lack of jurisdiction.

**IT IS SO ORDERED.**

Signed this 14th day of December, 2009.

/s/   *DavidRHerndon*

**Chief Judge**
**United States District Court**